1  BROOKE KILLIAN KIM (CA Bar No. 239298)
   brooke.kim@dlapiper.com
2  DLA PIPER LLP (US)
   4365 Executive Drive, Suite 1100
3  San Diego, CA 92121-2133
   Tel:  858.677.1400
4  Fax:  858.977.1401

5  GREGORY G. SPERLA (CA Bar No. 278062)
   greg.sperla@dlapiper.com
6  DLA PIPER LLP (US)
   555 Mission Street, Suite 2400
7  San Francisco, CA 94015-2933
   Tel:  (415) 836-2500
8  Fax:  (415) 836-2501

9  CONNOR M. SCOTT (CA Bar No. 321714)
   connor.scott@us.dlapiper.com
10 DLA PIPER LLP (US)
   2000 Avenue of the Stars
11 Suite 400, North Tower
   Los Angeles, CA 90067-4735
12 Telephone:  (310) 595-3000
   Facsimile:  (310) 595-3300
13
   Attorneys for Defendants
14 **L'ORÉAL USA, INC. AND
   L'ORÉAL USA PRODUCTS, INC.**
15

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| HOLLY WHITE, individuals, and as Successor-In-Interest of BEVERLY WHITE, Deceased; <br><br> Plaintiff, <br><br> v. <br><br> L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., WELLA PROFESSIONALS, COTY, INC., CLAIROL, KOHLBERN KRAVIS ROBERT & CO. a/k/a KKR & CO., INC., BRISTOL-MYERS SQUIBB, PROCTER & GAMBLE HAIR CARE, LLC, JOICO, SCHWARZKOPF, PRAVANA, HENKEL a/k/a HENKEL AG & CO. KgaA, GOLDWELL NEW YORK, COSMOPROF SERVICES USA, LLC, SALLY BEAUTY | CASE NO. 2:25-cv-4044 <br><br> **NOTICE OF DEFENDANTS L'ORÉAL USA, INC. AND L'ORÉAL USA PRODUCTS, INC. OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** <br><br> [*Filed concurrently with Declaration of Brooke K. Kim*] <br><br> Complaint Filed: 04/23/2025 <br> Amended Complaint Filed: 04/28/2025 |

1  HOLDINGS, INC., GOLDWELL, KAO
   CORPORATION, JOHN PAUL
2  MITCHELL SYSTEMS, and JOHN
   DOE CORPORATIONS 1-100;
3
              Defendants.
4

**TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1332, and 1446, Defendants L'Oréal USA, Inc. and L'Oréal USA Products, Inc (collectively, "L'Oréal USA" or "Defendants") remove Plaintiff Holly White's ("Plaintiff") action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California.

## I.   PROCEDURAL HISTORY

1. On April 23, 2025, Plaintiff filed a complaint for damages against Defendants in Los Angeles Superior Court. *See Holly White, et al. v. L'Oréal USA, Inc., A Delaware Corporation Doing Business in California, et al.*, case number 25STCV12023. Declaration of Brooke K. Kim ("Kim Decl."), ¶ 5, Exh. A. On April 28, 2025, Plaintiff filed her amended complaint. Kim Decl., ¶ 8, Exh. D.

2. Plaintiff's Complaint asserts eight causes of action for (1) Strict Liability—Failure to Warn; (2) Strict Liability—Design Defect – Risk-Utility Test; (3) Strict Liability—Design Defect – Consumer Expectations Test; (4) Negligent Failure to Warn; (5) Deceit by Concealment; (6) Violations of California Unfair Competition Law (UCL); (7) Wrongful Death; (8) Survival. *See Id.*, Exh. D.

## II.   ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

3. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Venue is proper as Plaintiff filed this action in Los Angeles Superior Court, which sits within the jurisdiction of the United States District Court for the Central District of California.

5. L'Oréal USA's removal is timely under 28 U.S.C. § 1446(b)(1)

because L'Oréal USA has not been properly served with the Complaint. Thus, L'Oréal USA's time to remove this case has not expired. Kim Decl., ¶ 4.

6.   On information and belief, no other Defendant in this action has been served to date. It is the longstanding rule in the Ninth Circuit that defendants named but not yet served in the state court action need not join in a notice of removal. *See, e.g., Cmty. Bldg. Co. v. Maryland Cas. Co.*, 8 F.2d 678, 679 (9th Cir. 1925) ("defendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings"); *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective.").

7.   There has been no process, pleadings, or orders properly served upon L'Oréal USA in this action. 28 U.S.C. § 1446(a). However, L'Oréal USA concurrently files herewith true and correct copies of all process, pleadings, and orders found on the docket of the Los Angeles Superior Court for this matter. Kim Decl., Exhs. A-K.

8.   Pursuant to 28 U.S.C. § 1446(d), L'Oréal USA shall serve written notice of this removal to Plaintiff and file the notice with the Clerk of the Los Angeles Superior Court.

## III.   DIVERSITY JURISDICTION

9.   This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) on the grounds that there is complete diversity citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.   There Is Complete Diversity of Citizenship**

**1.   Plaintiff's Citizenship**

10.   Plaintiff is a citizen of Indiana. *See* Kim Decl., Exh. D (Am. Compl. at ¶ 1). Decedent is likewise a citizen of Indiana. *See* Kim Decl., Exh. D (Am. Compl. at ¶ 53-54); 28 USC § 1332(c)(2).

**2.     Defendants' Citizenships**

11. For the purposes of diversity, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. L'Oréal USA, Inc., is incorporated in Delaware and maintains a principal place of business in New York, New York. Kim Decl. ¶ 16, Exh. D (Am. Compl. at ¶ 3-4).

13. L'Oréal USA Products, Inc., maintains a principal place of business in New York, New York. Kim Decl. ¶ 16, Exh. D (Am. Compl. at ¶ 6). L'Oréal USA Products, Inc. is incorporated in Delaware. Kim Decl. ¶ 16.

14. Thus, for diversity purposes, L'Oréal USA, Inc. and L'Oréal USA Products, Inc. are citizens of Delaware and New York and are completely diverse from Plaintiff.

15. Bristol-Myers Squibb is incorporated in Delaware and maintains a principal place of business in New Jersey. Thus, for diversity purposes Bristol-Myers Squibb is a citizen of Delaware and New Jersey and is completely diverse from Plaintiff.

16. Coty, Inc. is incorporated in Delaware and maintains a principal place of business in New York. Thus, for diversity purposes Coty, Inc. is a citizen of Delaware and New York and is completely diverse from Plaintiff.

17. The erroneously named Goldwell New York and Cosmoprof Services US LLC are not separate entities, but brand names under Sally Beauty Holdings, Inc. Sally Beauty Holdings Inc. is incorporated in Delaware and maintains a principal place of business in Texas. Thus, for diversity purposes the erroneously named Goldwell New York and Cosmoprof Services US LLC, and Sally Beauty Holdings Inc., are citizens of Delaware and Texas and are completely diverse from Plaintiff.

18. The erroneously named Goldwell is not a separate entity, but a brand name under Kao Corporation. Kao Corporation is a Japanese company. Its U.S.

subsidiary is Kao USA Inc. Kao USA Inc. is incorporated in Delaware and maintains a principal place of business in Ohio. Thus, for diversity purposes, the erroneously named Goldwell and Kao Corporation is a citizen of Delaware and Ohio and is completely diverse from Plaintiff.

19. Kohlberg Kravis Robert & Co. a/k/a KKR & Co., Inc. is incorporated in Delaware and maintains a principal place of business in New York. Thus, for diversity purposes KKR & Co., Inc. is a citizen of Delaware and New York and is completely diverse from Plaintiff.

20. The erroneously named defendants Pravana, Joico, and Schwarzkopf are not separate entities, but are brand names under Henkel Corporation. Henkel Corporation is incorporated in Delaware and maintains a principal place of business in Connecticut. Thus, for diversity purposes the erroneously named Pravana, Joico, and Schwarzkopf, and Henkel, are citizens of Delaware and Connecticut and completely diverse from Plaintiff.

21. For diversity purposes, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F. 3d 894, 899 (9th Cir. 2006).

22. The erroneously named defendant Wella Professionals is correctly named Wella Operations US LLC. The erroneously named defendant Clairol is not a separate entity, but a brand name under Wella Operations US LLC. Wella Operations US LLC is incorporated in Delaware and maintains a principal place of business in California. Its sole member is Waves UK DivestCo Ltd, which is a UK company. Thus, for diversity purposes, the erroneously named Clairol and Wella Operations US LLC are citizens of Delaware, California, and the UK and are completely diverse from Plaintiff.

23. As of the time of filing this Notice of Removal, Wella Operations US LLC has not been properly joined and served with Plaintiff's Complaint.

24. Procter & Gamble Hair Care, LLC is incorporated in Delaware and

1  maintains a principal place of business in Ohio. Proctor & Gamble Hair Care LLC
2  is a wholly owned subsidiary of P&G Hair Care Holding, Inc., which is
3  incorporated in Delaware and maintains a principal place of business in Ohio. Thus,
4  for diversity purposes, Procter & Gamble Hair Care, LLC is a citizen of Delaware
5  and Ohio and is completely diverse from Plaintiff.

25. John Paul Mitchell Systems is incorporated in California and has a principal place of business in California. Thus, for diversity purposes, John Paul Mitchell Systems is a citizen of California and is completely diverse from Plaintiff.

26. As of the time of filing this Notice of Removal, John Paul Mitchell Systems has not been properly joined and served with Plaintiff's Complaint.

27. Although Wella Operations US LLC and John Paul Mitchell Systems are citizens of California, their citizenship does not make removal improper under either 28 U.S.C. §§ 1332(a)(1) or 1441(b)(2) because they have not been properly joined and served. *Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019), citing *Monfort v. Adomani*, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019) ("the Forum Defendant Rule does not bar an in-state defendant from removing an action before the defendant is served"); *Country Cas. Ins. Co. v. Hyundai Motor Am.*, 2025 WL 242194, at *2 (C.D. Cal. Jan. 16, 2025) ("[T]he plain text of § 1441(b)(2) does not create a bar to removal unless the forum defendant has been "properly joined and served."); *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 n.17 (9th Cir. 2024) ("Three sister circuits have held that § 1441(b)(2), by its plain text, permits snap removals…"). Plaintiff's amended complaint was endorsed as officially filed by the clerk of Los Angeles Superior Court on April 28, 2025. Kim Decl., Exh. D (Am. Compl. at pg. 1).

### 3. Doe Defendants are Disregarded for Diversity Purposes

28. Any potential "Doe" defendants are disregarded for the purposes of diversity. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

29. Further, Plaintiff does not make any specific allegations against any

potential "Doe" defendants. *See* complaint generally.

### 4.  Complete Diversity Exists

30.  The diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied given that Plaintiff is a citizen of Indiana, no Defendant is a citizen of Indiana, and the citizenship of potential Doe Defendants are irrelevant.

### B.  The Amount in Controversy Exceeds $75,000

31.  Plaintiff claims damages in excess of the $75,000 threshold in 28 U.S.C. § 1332(a).[1]

32.  "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]" 28 U.S.C. § 1446(c)(2)(A).

33.  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

34.  Removal is proper where the "district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B). "Under [the preponderance of the evidence] burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This "burden is not daunting, as courts recognize that under this standard, a removing

---

[1] L'Oréal USA acknowledges only that the amount Plaintiff puts in controversy in her complaint exceeds $75,000, but neither admits nor concedes the truth of any of Plaintiff's allegations or that Plaintiff is entitled to relief in that amount or any amount whatsoever. L'Oréal USA expressly deny all of Plaintiff's allegations, contentions, causes of actions, claims, and damages, and reserve all defenses and rights. *See Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (to establish the jurisdictional amount, a removing defendant need not concede liability for that amount).

defendant is not obligated to research, state, and prove the plaintiffs' claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

35. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (The "amount in controversy analysis presumes that 'plaintiff prevails on liability' "). Put differently, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

36. Economic damages, non-economic damages, general damages, attorneys' fees, punitive damages, and injunctive relief are all included in determining the amount in controversy. *See Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (Prayer for actual and punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (Prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute).

37. In her complaint, Plaintiff prays for "[p]ast and future" "general damages," "economic and special damages," "medical expenses," and "pain and suffering" for her alleged diagnosis of bladder cancer. *See* Kim Decl., Exh. D (Am. Compl. at pg. 41). Plaintiff also seeks "Attorney's fees" and "Punitive or exemplary damages." *Id*.

38. Courts have found that the amount in controversy requirement is satisfied when a complaint alleges serious bodily injuries. *Fjelstad v. Vitamin*

*Shoppe Indus. LLC*, 2021 WL 364638, at *4 (C.D. Cal. Feb. 3, 2021) ("in cases alleging 'severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied' despite the plaintiffs' failure to plead a dollar amount.") (citations omitted). Here, Plaintiff alleges that they developed cancers and incurred substantial medical expenses, as well as pain and suffering.

39.  Therefore, it is apparent from the face of the Complaint that the alleged injuries result in an amount in controversy exceeding $75,000.

## IV.  RESERVATION OF DEFENSES AND RIGHTS

40.  By removing this action from the Los Angeles Superior Court, L'Oréal USA neither admits any of the allegations in Plaintiff's complaint nor waives any defenses or rights.

41.  By removing this case to federal court, Defendants do not consent to personal jurisdiction, do not concede that this Court is a convenient forum, and do not waive any of their defenses or objections under Federal Rule of Civil Procedure 12(b), or otherwise. *See, e.g., Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) ("A defendant's election to remove a case to federal court does not waive a personal jurisdiction defense.").

## V.  CONCLUSION

42.  Removal is proper given that all requirements for removal under 28 U.S.C. § 1332(a) have been met; there is complete diversity citizenship between the parties; and the amount in controversy exceeds $75,000.

43.  L'Oréal USA respectfully requests that these proceedings be removed to this Court.

| | | |
|---|---|---|
| 1 | Dated: May 6, 2025 | DLA PIPER LLP (US) |
| 2 | | |
| 3 | | By: /s/ Brooke Killian Kim |
| 4 | | Brooke Killian Kim<br>Gregory G. Sperla<br>Connor M. Scott |
| 5 | | |
| 6 | | Attorneys for Defendants L'Oreal USA, Inc. and L'Oreal USA Products, Inc. |

DLA Piper LLP (US)
San Diego

1620073680.1

-9-
DEFENDANTS L'ORÉAL USA'S NOTICE OF REMOVAL
CASE NO. 2:25-CV-4044